UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAWN P. HAMEL,

               **Plaintiff,**

-vs-                                                  Case No.  6:05-cv-64-Orl-18KRS

FALLING STAR ENTERPRISES, INC.,
SADIAH BAKER,
NASER M. BAKER,

               **Defendants.**

## ORDER

This case was initiated by Plaintiff's complaint alleging that Defendants deprived him of overtime pay in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1). Defendants filed a three-count counterclaim against Plaintiff alleging Tortious Interference with Advantageous Business Relations and violations of the Florida Uniform Trade Secrets Act. (Doc. 12).

This cause is before the Court on Plaintiff Shawn P. Hamel's motion to dismiss Defendants' counterclaims.    (Doc. 15).    Plaintiff seeks dismissal of Defendants' counterclaims on the basis that they are permissive, not compulsory, and otherwise lack an independent basis for subject matter jurisdiction.  For the following reasons, Plaintiff's motion must be denied.

"[A] federal court cannot consider a permissive counterclaim unless the counterclaimant asserts an independent jurisdictional basis." East-Bibbs Twiggs Ass'n v. Macon Bibb Planning & Zoning Commission, 888 F.2d 1576, 1578 (11th Cir. 1989).

Defendants do not dispute that their counterclaims lack an independent jurisdictional basis but maintain that they are compulsory claims.

Federal Rule of Civil Procedure ("FRCP") 13(a) provides that a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."   To determine whether the same transaction requirement of FRCP 13(a) is satisfied, the relevant test is whether "the same operative facts serve as the basis of both claims or [whether] the aggregate core of facts upon which the claim rests activates additional legal rights . . . in the defendant." Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985) (quoting Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1361 (5th Cir. 1979)).  This approach "permits a 'broad realistic interpretation in the interest of avoiding a multiplicity of suits." United States v. Amtreco, Inc., 790 F. Supp. 1576, 1580 (11th Cir. 1992) (quoting Plant, 598 F.2d at 1361) (citation and internal quotation omitted)).

Given the legal dissimilarity between Defendants' counterclaims and Plaintiff's overtime claim, there is bound to be some differentiation in the facts upon which each side relies.  Both sides' claims, however, rest on essentially the same set of aggregate facts, which have as their core, the fact of Plaintiff's employment by Defendant.  Under the flexible approach established for interpreting the character of counterclaims under FRCP 13(a), this factual commonality suffices to qualify Defendants' counterclaims as compulsory.  Plaintiff's motion to dismiss (Doc. 15) is, therefore, **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this ___4___ day of May, 2005.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party